Case No. 24-20144

# The United States Court of Appeals for the Fifth Circuit

*Jamilah Way,*

Plaintiff – Appellant

*v.*

*City of Missouri City; Ehimwenma Izehiese Iyamu,*

Defendants – Appellees

On appeal from United States District Court
for the Southern District of Texas
4:22-CV-539

## APPELLEES' BRIEF

William S. Helfand
Texas Bar No. 09388250
Sean M. Higgins
Texas Bar No. 24001220
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
**Lewis Brisbois Bisgaard & Smith LLP**

**ATTORNEYS FOR APPELLEES
CITY OF MISSOURI CITY AND
EHIMWENMA IZEHIESE IYAMU**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1. Plaintiff-Appellant:
   Jamilah Way

2. Counsel for Plaintiff-Appellant:
   Bennett J. Ostdiek
   Russell S. Post
   Beck Redden LLP
   1221 McKinney, Suite 4500
   Houston, TX 77010
   (713) 951-3700
   (713) 951-3720

3. Defendants-Appellees:
   City of Missouri City
   Ehimwenma Izehiese Iyamu

4. Counsel for Defendants-Appellees:
   William S. Helfand
   Sean M. Higgins
   Lewis Brisbois Bisgaard & Smith, LLP
   24 Greenway Plaza, Suite 1400
   Houston, TX 77046
   (713) 659-6767

/s/ Sean M. Higgins
Sean M. Higgins

2

## STATEMENT REGARDING ORAL ARGUMENT

This appeal involves the application of well-established principles of employment discrimination law to undisputed facts and, accordingly, the Court should affirm the district court's well-reason judgment without oral argument.

145209869.8

# TABLE OF CONTENTS

APPELLEES' BRIEF ...............................................................................1

CERTIFICATE OF INTERESTED PERSONS ........................................2

STATEMENT REGARDING ORAL ARGUMENT ................................3

TABLE OF AUTHORITIES...................................................................6

JURISDICTIONAL STATEMENT .......................................................9

STATEMENT OF THE ISSUES...........................................................10

STATEMENT OF THE CASE ..............................................................11

    A.    Way's employment by Missouri City........................................11

    B.    Proceedings in the district court. .............................................16

SUMMARY OF THE ARGUMENT ......................................................18

ARGUMENT ......................................................................................19

    I.    The Standard of Review. ..........................................................19

    II.    The district court properly granted summary judgment on Way's discrimination and failure to accommodate claims under the ADA and TCHRA. ......................................................20

        A.    Way did not tell the City her anxiety resulted in limitations requiring an accommodation. ...........................23

        B.    There is no evidence the City knew or should have known Way's fibroids and related surgery constituted a disability or required any accommodation. .......................................25

    III.    The City did not retaliate against Way under the ADA. ...........26

    IV.    The City did not interfere with Way's FMLA leave...................28

145209869.8

V.    The City did not retaliate against Way for taking FMLA leave. ..........................................................................31

CONCLUSION .............................................................................34

CERTIFICATE OF COMPLIANCE.........................................................36

CERTIFICATE OF SERVICE.................................................................36

145209869.8

# TABLE OF AUTHORITIES

## Federal Cases

*Acker v. GM, L.L.C.,*
    853 F.3d 784 (5th Cir. 2017) .............................................................. 25

*Burch v. Coca-Cola Co.,*
    119 F.3d 305 (5th Cir. 1997) .............................................................. 21

*Dillard v. City of Austin,*
    Texas, 837 F.3d 557 (5th Cir. 2016) ................................................. 25

*Eaton-Stephens v. Grapevine Colleyville Indep. Sch. Dist.,*
    715 F. App'x 351 (5th Cir. 2017) ....................................................... 29

*EEOC v. Tex. Instruments Inc.,*
    100 F.3d 1173 (5th Cir. 1996) ............................................................ 31

*Ford-Evans v. United Space Alliance LLC,*
    329 Fed. Appx. 519 (5th Cir. May 14, 2009) ..................................... 29

*Mueck v. La Grange Acquisitions, L.P.,*
    75 F.4th 469 (5th Cir. 2023) .............................................................. 25

*Nall v. BNSF Ry. Co.,*
    917 F.3d 335 (5th Cir. 2019) ............................................................. 26

*Ogden v. Potter,*
    397 F.App'x 938 (5th Cir. 2010.) ....................................................... 28

*Patton v. Jacobs Eng'g., Inc.,*
    874 F.3d 437 (5th Cir. 2017) ................................................. 22, 23, 24

*Rodriguez v. ConAgra Grocery Prods. Co.,*
    436 F.3d 468 (5th Cir. 2006) ............................................................. 20

*Rodriguez v. Eli Lilly & Co.,*
    820 F.3d 759 (5th Cir. 2016) ............................................................. 31

*Rogers v. Int'l Marine Terminals,*
    87 F.3d 755 (5th Cir. 1996) ........................................................ 20, 21

*Sherrod v. American Airlines, Inc.*,
    132 F.3d 1112 (5th Cir. 1998) ............................................................ 28

*Shirley v. Precision Castparts Corp.*,
    726 F.3d 675 (5th Cir. 2013) .............................................................. 30

*St. Mary's Honor Ctr. v. Hicks*,
    509 U.S. 502 (1993) ............................................................ 31, 32, 33

*Strong v. Univ. Healthcare Sys., LLC*,
    482 F.3d 802 (5th Cir. 2007) .............................................................. 32

Sutton v. United Air Lines, Inc., 527 U.S. 471, 482-83 (1999) .............. 21

*Taylor v. Principal Fin. Group*,
    93 F.3d 155 (5th Cir. 1996) ................................................ 20, 21, 22, 25

*Thompson v. Microsoft Corp.*,
    2 F.4th 460 (5th Cir. 2021) ........................................................ 20, 27

*Versaggi v. KLS Martin, L.P.*,
    2024 U.S. App. LEXIS 12222 (5th Cir. May 21, 2024) .................... 22

*Waldrip v. General Elec. Co.*,
    325 F.3d 652 (5th Cir. 2003) .............................................................. 21

**Statutes**

28 U.S.C. § 1291 ............................................................................. 9

28 U.S.C. § 1331 ............................................................................. 9

42 U.S.C. § 12101-12117 ................................................................ 20

42 U.S.C. § 12102(2)(A) ................................................................. 20

42 U.S.C. § 12112(b)(5)(A) ............................................................ 21

TEX. LAB. CODE ANN. § 21.051 ...................................................... 20

TEX. LOCAL GOV'T CODE §§102.006, 102.009 ................................. 33

## Court Rules

Fifth Circuit Rule 28.2.1 ........................................................................ 2

Fed. R. App. P. 32(a)(5) ....................................................................... 35

Fed. R. App. P. 32(a)(6) ....................................................................... 35

Fed. R. App. P. 32(f) ............................................................................. 35

Fed. R. App. P. 35(b)(2)(A) .................................................................. 35

## Other Authorities

29 C.F.R. § 825.220(b) ......................................................................... 29

29 C.F.R. § 825.302(c) ......................................................................... 28

https://www.health.harvard.edu/blog/do-i-have-anxiety-or-
    worry-whats-the-difference-2018072314303 ..................................... 24

145209869.8

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under 28 U.S.C. §1331 because this action arises under the laws of the United States. The Court has appellate jurisdiction under 28 U.S.C. § 1291 because Jamillah Way appeals a final district court judgment.

145209869.8

## STATEMENT OF THE ISSUES

1.  Way failed to present to the City any notice of alleged disability or limitation caused by Way's health conditions until after Way was fired, so the district court granted summary judgment on Way's ADA and TCHRA discrimination and failure to accommodate claims. Was this error?

2.  Because Way failed to present evidence showing Way participated in any protected activity and failed to present any evidence of retaliatory animus, the district court granted summary judgment on Way's ADA and TCHRA retaliation claims. Was this error?

3.  Because Way failed to present evidence showing the City interfered with Way's FMLA leave and because, rather, the evidence showed the City granted Way the FMLA leave Way requested and Way took the requested leave, the district court granted summary judgment on Way's FMLA interference claim. Was this error?

4.  Because Way failed to establish a *prima facie* case of FMLA retaliation and Way further failed to adduce evidence that the City's reason for firing—budgetary restructuring—Way was false *or* that it was a pretext for retaliation, the district court granted

145209869.8

summary judgment on Way's FMLA retaliation claim. Was this error?

## STATEMENT OF THE CASE

### A.   Way's employment by Missouri City.

Missouri City Attorney E. Joyce Iyamu hired Way as First Assistant City Attorney in 2018. ROA.239, ROA.284. Ms. Iyamu was Way's supervisor. ROA.239, ROA.284.

Way's work performance was poor from the very beginning, ROA.285, and was inconsistent with the work of an attorney with Way's stated experience. ROA.285. Way often arrived late to work, ROA.285, and she struggled to arrive at business meetings on time. ROA.285. After Ms. Iyamu returned from maternity leave in May 2019, Ms. Iyamu received complaints that Way continually failed to provide competent legal work to client departments and the City Council. ROA.285. ROA.383-ROA.386.

On August 14, 2019, Way wrote an email to Iyamu complaining that Way felt "frustrated" and "underappreciated" at work. ROA.277-ROA.278. Way complained that "bullying, yelling and belittling" from unidentified sources had caused Way to develop anxiety. ROA.277-

11

ROA.278. Notably, Way did not state in that email or on any other occasion that Way believed she was a person with a disability. ROA.286.

In November 2019, Way complained to the City's Director of Human Resources, Martin Russell, that Way wished to "express my grievances of E. Joyce [Iyamu's] treatment toward me." ROA.385. In response, the City hired an outside law firm to investigate Way's complaint to HR.

Way told the outside law firm conducting the investigation that Way never made a written request identifying any disability or request for any workplace accommodation. ROA.427. In a follow up email, the investigating attorney asked Way whether Way ever made a verbal request for an accommodation. ROA.427. Way's answer was nonresponsive and evasive. Way wrote, "prior to my diagnosis I made request [sic] to address the issues above." ROA.427. However, "the issues above" did not concern any claim of disability or any request for an accommodation, but rather Way's complaints about "the culture," and a purported "lack of policies and procedures, lack of organization, lack of clear instructions, and rushed assignments." ROA.427.

In June 2020, Way sent Russell a handwritten note requesting FMLA leave, specifically "flex-time" for medical appointments,  remote work from July 2 to July 3, 2020 and leave "for [] surgery and appointments that may be longer than most." ROA.388. Once again, Way requested only FMLA leave and Way did not report to the City that her medical condition constituted a disability and she did not ask the City for any disability accommodation. ROA.388. The City approved the very FMLA request Way made. ROA.389. The City also approved Way's several subsequent FMLA leave requests. ROA.289. Indeed, the City granted all of Way's leave requests without challenge, question, or limitation. ROA.289.

In August or September 2020, the City Manager, Odis Jones, asked Ms. Iyamu for suggestions about how to make the legal department more efficient. ROA.286. Mr. Jones suggested Ms. Iyamu look into how other cities structure their legal departments. ROA.286. Ms. Iyamu asked the International Municipal Attorney's Association to look at Missouri City's legal department and make suggestions of ways to improve the legal department. ROA.287. The Association suggested the City hire a paralegal at less than half the cost of an attorney's fulltime salary.

ROA.287. Ms. Iyamu did not propose eliminating the position of first assistant city attorney. ROA.287.

On October 30, 2020, Way began FMLA leave for her surgery, ROA.385, and then extended her leave until December 21, 2020, when Way returned to work. ROA.385. Way reported to HR that Way needed an additional procedure and so Way returned to her position as first assistant city attorney at the end of her last leave, from December 28 to December 31, 2020. ROA.385.

The City Council voted to abolish the first assistant city attorney position in an open meeting in January of 2021. ROA.239. Specifically, City Council created a new position, Junior Associate City Attorney, at a lower salary than that of the eliminated position of first assistant. ROA.280. Notably, Ms. Iyamu neither suggested nor requested City Council make this change. Indeed, Ms. Iyamu did not even communicate with City Council about council's proposed budget change for the legal department. ROA.286-ROA.287.

After City Council enacted the ordinance, Martin Russell sent Way a letter inviting Way priority access to apply for the new position before it was posted publicly. ROA.286-ROA.287. Mr. Russell notified Way the

14

City needed to fill the position promptly and asked Way to respond by January 22, 2021. ROA.286-ROA.287.

Indicating her intent to take the job, Way e-mailed Russell her resume on January 22, 2021, ROA.281. Russell told Way she should formally apply online and that her new position would start on February 8, 2021. ROA.281. The City understood Way had accepted the new position and would begin work on February 8, 2021. ROA.282-ROA.283. Accordingly, the City did not post the position for other applicants.

Way stopped communicating with the City and did not take any steps to begin the new position. ROA.290, ROA.385. After Way failed to complete the online application, ROA.290, HR repeatedly attempted to contact Way, but she failed to return telephone calls from the human resources department. ROA.282-ROA.283. Way also failed to respond to numerous emails from the City concerning the new position. ROA.282-ROA.283. Although the City sent repeated emails and made repeated telephone calls to Way, Way never responded at all. ROA.290. The City eventually concluded Way had abandoned her initial interest to take the open position. ROA.290.

### B.    Proceedings in the district court.

In February 2022, Way sued the City and Ms. Iyamu[1] alleging discrimination and retaliation under the Americans With Disabilities Act, retaliation in violation of the Family and Medical Leave Act, and discrimination and retaliation in violation of the Texas Commission on Human Rights Act. ROA.008-ROA.025. Way later amended her complaint to add an allegation of interference in violation of the FMLA. ROA.177. Way claims her anxiety, fibroids and surgery for fibroids were disabilities the City refused to accommodate. ROA.008-ROA.025.

The district court granted the City's motion for summary judgment under Fed. R. Civ. P. 56(a). ROA.482-ROA.491.

First, the district court found Way never presented a qualifying disability under the ADA because there was no evidence Way ever told the City about any limitations, let alone one impacting a major life activity, resulting from Way's anxiety, and there was no evidence the City knew about any limitations resulting from Way's fibroids or surgery to treat the fibroids. ROA.487-ROA.488.

---

[1] Way does not make any distinction between Ms. Iyamu and the City.

Second, the district court granted summary judgment as to Way's ADA and TCHRA retaliation claim because Way simply did not engage in protected activity by identifying any disability or requesting any accommodation. ROA.487-ROA.488. The district court found Way's statement to Iyamu that Way had anxiety and Way's requests for FMLA leave could not be considered anything more than medical conditions, and that Way never made any request for workplace accommodations to address an identified disability. ROA.488-ROA.489. The district court concluded that, having failed to identify any disability or to request an accommodation for any purported disability, Way had not engaged in protected activity elemental to a claim of retaliation. ROA.488.

Third, the district court found Way presented no evidence of FMLA interference because the undisputed record showed the City had granted all of Way's requests for FMLA leave and Way took all of the leave Way sought. ROA.489-ROA.490.

Fourth, the court found no evidence supporting Way's FMLA retaliation claim. The court assumed, *arguendo,* that Way stated a prima facie retaliation case, but found Way failed to present any evidence the City Council's vote to eliminate the position of first assistant attorney

17

was a false reason for Way's loss of that position or any evidence that the City Council, as a body of elected individuals enacted the budget measure as pretext for retaliating against Way. ROA.490.

## SUMMARY OF THE ARGUMENT

The Court should affirm the district court's judgment.

First, the district court correctly granted summary judgment on Way's claim for discrimination and failure to accommodate under the ADA and TCHRA because the undisputed evidence—even Way's own admissions—showed Way never claimed her medical conditions rose to the level of impairing any major life activity.

Second, the district court properly granted summary judgment on Way's claim of retaliation under the ADA and TCHRA because, since Way never told the City Way was a person with a disability and Way never requested an accommodation for any disability, City Council could not even have known of, let alone be motivated by, Way's purported disability and Way presented no evidence otherwise, as necessary to support a retaliation claim.

Third, Way also failed to present any evidence at all in support of her FMLA interference claim. Rather, the undisputed evidence shows the

City granted all of Way's FMLA requests and that Way took all of the leave she requested.

Fourth, and as with her other claims, Way's claim of FMLA retaliation is no more than an allegation, wholly unsupported by evidence. The elected members of the City Council adopted a budget legislation that eliminated the first assistant attorney position, Way was offered a new position on a preferential basis, and Way failed to present any evidence that the budgetary reason for elimination of the first assistant attorney position was false *or* that the City Council abolished the First Assistant Attorney Position as a pretext for retaliation.

## ARGUMENT

### I.    The Standard of Review.

The Court "review[s] a district court's grant of summary judgment *de novo*, viewing all facts and drawing all inferences in a light most favorable to the non-moving party. Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a

145209869.8

verdict for the nonmoving party. The Court may affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 466-467, (5th Cir. 2021) (cleaned up).

## II. The district court properly granted summary judgment on Way's discrimination and failure to accommodate claims under the ADA and TCHRA.

The ADA and TCHRA both prohibit employment discrimination on the basis of an individual's disability. *See* 42 U.S.C. § 12101-12117; Tex. Lab. Code Ann. § 21.051. Because the ADA and TCHRA are very similar, this Court applies federal ADA precedent to claims under the TCHRA. *Rodriguez v. ConAgra Grocery Prods. Co.*, 436 F.3d 468, 473-74 (5th Cir. 2006).

A disability under either statute is a physical or mental impairment that substantially limits one or more of the major life activities of an individual. *Taylor v. Principal Fin. Group*, 93 F.3d 155, 163 (5th Cir. 1996) *citing* 42 U.S.C. § 12102(2)(A). "As a threshold requirement in an ADA claim, the plaintiff must establish that he has a disability." *Rogers v. Int'l Marine Terminals*, 87 F.3d 755, 758 (5th Cir. 1996). "Neither the Supreme Court nor the [Fifth Circuit] has recognized the concept of a per

se disability under the ADA." *Waldrip v. General Elec. Co.*, 325 F.3d 652, 301 (5th Cir. 2003). Accordingly, "whether a person is disabled under the ADA 'depends on whether the limitations an individual with an impairment actually faces are in fact substantially limiting.'" *Rogers*, at 597 (citing Sutton v. United Air Lines, Inc., 527 U.S. 471, 482-83 (1999)).

Discrimination based on a disability requires proof the employer either actually knew or should have known of the employee's physical or mental limitation. *Taylor* at 163.

Because "the ADA requires employers to reasonably accommodate limitations, not disabilities," *Taylor*, at 164, courts, therefore, must distinguish "an employer's knowledge of an employee's disability [from] an employer's knowledge of any limitations experienced by the employee as a result of that disability." *Id*. "This is a critical distinction, because the existence vel non of a disability or impairment is material to a reasonable accommodation claim only insofar as it *limits* an employee's ability to perform his or her job." *Burch v. Coca-Cola Co.*, 119 F.3d 305, 314 (5th Cir. 1997) (emphasis added); *see also* 42 U.S.C. § 12112(b)(5)(A).

Additionally, when a disability is not "open, obvious, and apparent to the employer," the individual requesting the accommodation must

"**specifically identify the disability** and resulting limitations, and suggest the reasonable accommodations." *Versaggi v. KLS Martin, L.P.*, 2024 U.S. App. LEXIS 12222, *4, (5th Cir. May 21, 2024) (citing *Patton v. Jacobs Eng'g., Inc.*, 874 F.3d 437, 444 (5th Cir. 2017)) (emphasis added).

The Court has held repeatedly that an employee who, as Way admits, discloses a condition but does not assert the condition is limiting, does not place the employer on notice of any disability and thus does not invoke the ADA or TCHRA. In *Taylor,* the Court held an employee who disclosed he was diagnosed with bipolar disorder without asserting any resulting limitation did not place the employer on notice of a limiting disability. *Id.*

In *Versaggi v. KLS Martin, L.P.*, the Court affirmed summary judgment for the employer because the employee's "general references to anxiety, absent a statement that [unlike Way's lack of request Versaggi's actual] request for accommodation was related to that condition were insufficient to put [the employer] on notice of her disability." 2024 U.S. App. LEXIS 12222, *4, (5th Cir. May 21, 2024).

Similarly, in *Patton,* where the employee told his employer "his stuttering and anxiety problems all go together" and "that at a previous job he was sensitive to noise," *Patton*, at 444, the Court held such statements—far more than Way provided here—were "too vague" to place the employer on notice the employee's sensitivity to noise was a limitation resulting from a disability. *Id*.

Here, Way's statements to the City were even more attenuated than the reports in *Taylor, Veresaggi* and *Patton.* Way never told Ms. Iyamu or anyone else at the City that Way had a limiting condition that required an accommodation. Indeed, even when the City's outside investigator asked way directly whether Way had ever claimed any disability, way expressly confirmed she had not. ROA.427.

### A.    Way did not tell the City her anxiety resulted in limitations requiring an accommodation.

At most, Way told Ms. Iyamu that Way's frustrations about work caused Way to develop anxiety. But the undisputed evidence shows Way never told Ms. Iyamu or anyone else at the City that Way considered her anxiety to be disabling or that Way's purported anxiety limited Way in any major life activity or even in carrying out her job. ROA.277-ROA.278. Way did not tell Ms. Iyamu or anyone else at the City that she required

145209869.8

accommodations for a disability. ROA.288-ROA.289. And Way never provided the City with documentation of the existence of medically diagnosed anxiety[2] or any resulting limitations. ROA.288-ROA.289.

As this Court explained in *Patton*, "this is not enough; a jury must be able to infer [the employer's] knowledge of the 'limitations experienced by the employee as a result of [her] disability.'" *Patton*, 874 F.3d at 444-45. "In the case of a mental disability...specificity in attributing a work limitation to a disability is particularly important. *Id.* at 445.

Way never told the City anything about "anxiety" other than that Way believed she was experiencing anxiety. Beyond never reporting any disability, Way certainly never identified any limitations resulting from purported anxiety and Way never requested any accommodation for whatever anxiety Way claimed to be experiencing. ROA.288-ROA.289. The district court correctly concluded the City did not know and should

---

[2] "Anxiety" is a general term and not even necessarily a medical diagnosis itself. As the Harvard Medical School reports, "Anxiety in itself is not bad. Normal levels of anxiety lie on one end of a spectrum and may present as low levels of fear or apprehension, mild sensations of muscle tightness and sweating, or doubts about your ability to complete a task. Importantly, symptoms of normal anxiety do not negatively interfere with daily functioning. They may actually improve your attention and problem-solving, motivate you to work harder toward a goal, or warn you about a potential threat." https://www.health.harvard.edu/blog/do-i-have-anxiety-or-worry-whats-the-difference-2018072314303

145209869.8

not have known Way's anxiety might rise to the level of a disability under the ADA.

**B.    There is no evidence the City knew or should have known Way's fibroids and related surgery constituted a disability or required any accommodation.**

Way requested FMLA leave for surgery related to fibroids, ROA.312-ROA.320, but Way never told the City the fibroids or surgery limited Way's major life activities or required any accommodation. ROA.289.

As a matter of well-settled law, "a request for FMLA leave is not a request for a reasonable accommodation under the ADA," *Acker v. GM, L.L.C.*, 853 F.3d 784 (5th Cir. 2017). An employer is only required to provide an ADA accommodation if a disability has been identified and a related accommodation has been requested. *See Taylor*, 93 F.3d at 164; *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 487 (5th Cir. 2023); *Dillard v. City of Austin*, Texas, 837 F.3d 557 (5th Cir. 2016) (same).

Way admits she neither claimed the existence of a disability *and* she never requested any workplace accommodation. Way requested to work remotely as an aspect of Way's FMLA request to be able to attend doctor's appointments and medical leave for her fibroid surgery,

25

ROA.312-ROA.320, ROA.288-ROA.290, but Way never reported the fibroid condition or her need for fibroid surgery would limit Way in performing her job beyond the leave Way requested to secure treatment. The City granted Way all the FMLA leave Way requested, ROA.288-ROA.289, ROA.312-ROA.320, ROA.388-ROA.389, which, consistent with the Court's holding in *Acker,* has no bearing on Way's later assertion of disabilities.

The City did not discriminate against Way or fail to provide an accommodation under the ADA. The district court, therefore, properly granted summary judgment on Way's discrimination and failure to accommodate claims under the ADA and the TCHRA.

## III.  The City did not retaliate against Way under the ADA.

"To show an unlawful retaliation, a plaintiff must establish a *prima facie* case of (1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action." *Nall v. BNSF Ry. Co.,* 917 F.3d 335, 348-49 (5th Cir. 2019).

The district court correctly found Way's claim for retaliation under the ADA failed for the same reason her claim of discrimination under the

26

ADA and TCHRA failed: Way did not engage in any activity protected under the ADA because Way never placed the City on notice of any disability under the ADA. ROA.488.

The district court's reasons suffice. Still, the Court may "affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court." *Thompson,* 2 F.4th 460, 466-467, (5th Cir. 2021).

One such ground is basic—the City did not take any adverse action against Way. At most, Way alleges she was "afraid to take full days of medical leave for her anxiety." ROA.180. Of course, Way's subjective fear of taking full days off is not evidence of an adverse employment action by the City. It is not an action by the City of any kind. *See, Thompson,* at 470.

Indeed, Way does not even allege the City refused or was even hostile to any of Way's requests for leave. ROA.177. To the very contrary, the undisputed record shows the City always granted all of Way's requests for time off for any medical reason. ROA.288-ROA.289, ROA.427. Indeed, Way admits Ms. Iyamu granted all of Way's requests for leave for doctor's appointments and asked only that Way produce a

27

doctor's note to verify the medical necessity for the leave, ROA.427, a basic element of the employee's duty under the FMLA. See, 29 C.F.R. § 825.302(c). Moreover, even crediting Way's deposition testimony of her subjective fear, a single denial of leave, when leave is otherwise granted, is not an adverse employment action. *Accord Ogden v. Potter*, 397 F.App'x 938, 939 (5th Cir. 2010.).

Finally, Way must prove an adverse employment action would not have occurred but for her protected activity. *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998). Way cannot meet this burden because Way admits she never reported a disability or requested an accommodation and there is no evidence the City was aware of any limitations resulting from any of Way's alleged conditions. ROA.288-ROA.289.

The Court should affirm the judgment because Way presents no evidence of retaliation under the ADA.

## IV.    The City did not interfere with Way's FMLA leave.

The City granted all of Way's requests for FMLA leave. ROA.289. Way took all of the leave she requested and Way returned to her position as first assistant city attorney after Way took all the leave she reported

145209869.8

was necessary. ROA.289, ROA.385. Because Way presents no evidence of any FMLA *interference*, the Court should affirm the judgment. Indeed, the only evidence shows the City provided all of the FMLA leave Way requested, and never interfered with any of Way's FMLA leave requests.

To establish a *prima facie* case for interference with her FMLA rights, Way had to prove she was entitled to leave **and leave was denied**. *Ford-Evans v. United Space Alliance LLC*, 329 Fed. Appx. 519, 523 (5th Cir. May 14, 2009); 29 C.F.R. § 825.220(b). But the record shows that the City approved all of Way's requests for FMLA leave and that Way took the all of the FMLA leave she requested without any interference at all. ROA.289. These facts literally disprove Way's claim for FMLA interference. See, *Eaton-Stephens v. Grapevine Colleyville Indep. Sch. Dist.*, 715 F. App'x 351, 357 (5th Cir. 2017) (affirming summary judgment for employer on FMLA interference claim because plaintiff did not testify that she took less leave because of employer's actions).

Way now argues the district court erred in granting summary judgment because Way was not restored to the same or an equivalent position as required under 29 U.S.C. § 2614(a)(1)(B). Appellant's Br. at

145209869.8

25-26 (citing *Hester v. Bell-Textron, Inc.,* 11 F.4th 301 (5th Cir. 2021).[3] This assertion both misstates the facts and misconstrues the law.

First, it is undisputed that Way returned to the position of first assistant city attorney on December 31, 2020, after her leave expired, ROA 385, but the City Council did not amend the budget until January of 2021. Moreover, the FMLA does not impose a strict liability standard requiring employers to reinstate employees to the same position following FMLA leave in all circumstances. *Shirley v. Precision Castparts Corp.,* 726 F.3d 675, 681-82 (5th Cir. 2013).

Further, the record simply does not support Way's conclusory assertion, made in her declaration in opposition to summary judgment three years after the alleged event, that Way's salary was reduced. ROA.385. The summary judgment evidence Way adduced to support this claim, ROA.412-ROA.416, merely shows communication between Way and the City regarding classification of Way's leave, ROA.412-ROA.416, not any reduction in the salary for the position Way held at the time, first assistant. Way's claim of FMLA interference based on an alleged salary

---

[3] *Hester v. Bell-Textron, Inc.,* is a Rule 12(b)(6) case, not a summary judgment case.

reduction is baseless in fact and in law. The district court properly granted summary judgment on Way's FMLA interference claim and the Court should affirm.

## V. The City did not retaliate against Way for taking FMLA leave.

As the district court found, Way's FMLA retaliation claim fails because there is no evidence the City retaliated against Way for taking FMLA leave. ROA.280. The only evidence in the record shows the elected members of the City Council eliminated the position of first assistant city attorney for budgetary reasons. ROA.280. The Court has held this is a legitimate reason for the City's elimination of Way's position. *See generally EEOC v. Tex. Instruments Inc.,* 100 F.3d 1173, 1181 (5th Cir. 1996).

Once the City articulated this legitimate reason, Way was required to "offer evidence to show that reason was pretext for discrimination" in order to avoid summary judgment. *Rodriguez v. Eli Lilly & Co.*, 820 F.3d 759, 765 (5th Cir. 2016). Under well-settled Supreme Court and Fifth Circuit law, "[a] reason cannot be proved to be 'a pretext for discrimination' unless it is shown **both** that the reason was false, and that [retaliation] was the real reason." *St. Mary's Honor Ctr. v. Hicks*,

509 U.S. 502, 515, (1993) (emphasis added). "To carry this burden, the plaintiff must rebut [the] nondiscriminatory...reason articulated by the employer." *Id.*

Yet, not only can Way not adduce any evidence of falsity, Way did not even attempt to provide evidence that the City Council's decision to eliminate the first assistant city attorney position was a pretext for retaliation. Indeed, Way did not even present evidence that anyone on City Council, let alone the majority of council members necessary to enact the ordinance, even knew of Way's medical conditions or leaves of absence, let alone that any one council member, let alone a majority of council harbored any animus toward Way for any reason. The City Council did not even know of Way's FMLA leave when council passed the budget. ROA.289. Nor did Ms. Iyamu propose or even suggest City Council eliminate the position. ROA.287. Simply put, no one disclosed Way's FMLA leave to City Council. ROA.287, ROA.289.

Way argues temporal proximity between her last FMLA leave and City Council's vote to eliminate the first assistant city attorney position as evidence of retaliation. It is not such evidence. Temporal proximity

alone is insufficient to support a finding of "but for" causation. *Strong v.
Univ. Healthcare Sys., LLC,* 482 F.3d 802, 808 (5th Cir. 2007).

Way also asserts the City Council's vote to eliminate the Assistant
City Attorney position was procedurally irregular. Way does not explain
why this assertion supports an inference that the City Council's action
was pretextual. The City, as a matter of law, was authorized to modify
its budget. TEX. LOCAL GOV'T CODE §§102.006, 102.009. And Way does not
explain how it is possible the City Council's vote was a pretext given the
undisputed evidence that City Council did not know—could not know—
about Way's FMLA leave. Way's assertion does not meet her burden to
adduce evidence showing the City's reason was false and discrimination
was the real reason. *St. Mary's Honor Ctr., supra.*

If more is necessary, the district court only reached the question of
whether Way presented evidence that the City Council's action was
pretextual because the district court assumed, *arguendo,* that Way
established the elements of a prima facie case of FMLA retaliation claim.
ROA.490. In fact, however, Way did not establish the elements of a prima
facie case because the undisputed evidence shows the City Manager
started evaluating the structure of the City Attorney's office in August

2019, nearly a year before Way's first request for leave. ROA.286-ROA.287. Moreover, Way did not show any causal link between City Council's budget and Way's FMLA leave particularly because the undisputed evidence is that City Council did not know—indeed, could not know—Way had requested and had taken FMLA leave. ROA.289. The district court correctly granted summary judgment, and the Court should affirm.

## CONCLUSION

Appellees respectfully request the Court to affirm the district court's judgment and award them all other relief to which they may be entitled.

Respectfully Submitted,

**Lewis Brisbois Bisgaard & Smith, L.L.P.**

*/s/ Sean M. Higgins*
**William S. Helfand**
Texas Bar No. 09388250
**Sean M. Higgins**
Texas Bar No. 24001220
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
Bill.Helfand@lewisbrisbois.com
Sean.Higgins@lewisbrisbois.com
**ATTORNEYS FOR APPELLEES
CITY OF MISSOURI CITY AND
CHIWENGA IZEHIESE IYAMU**

**CERTIFICATE OF COMPLIANCE**

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 35(b)(2)(A) because it contains 4,868 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word14 point Century Schoolbook.

Dated: September 23, 2024.

*/s/ Sean M. Higgins*
Sean M. Higgins

145209869.8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via CM/ECF System on September 25, 2024, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

*/s/ Sean M. Higgins*
Sean M. Higgins

145209869.8